UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
PAUL SCOTLAND,                                          **COMPLAINT**

                                                       **18 cv 6134**

                                                       **ECF Case**

                        Plaintiff,
            vs.

CITY OF NEW YORK,
NEW YORK CITY POLICE OFFICERS
BRANDON VELEZ, JAMAL HAIRSTON,
and JOHN DOES 1-2                                      **JURY TRIAL DEMANDED**
in their individual and official capacities,

                        Defendants.
-------------------------------------------------------------x

Plaintiff Paul Scotland, by his attorney, Cyrus Joubin, complaining of the Defendants,

respectfully alleges as follows:


## PRELIMINARY STATEMENT

1.   This action arises from the unlawful body cavity search and malicious

prosecution of Paul Scotland ("Plaintiff") by New York City police officers.  Plaintiff

asserts constitutional claims pursuant to 42 U.S.C. § 1983 ("Section 1983") against the

individual defendants for illegal strip search, malicious prosecution, denial of the right to

a fair trial, failure to intervene, and a *Monell* claim against the City of New York for the

same constitutional violations.  Additionally, Plaintiff asserts analogous claims under

New York Law against the individual defendants, and against the City of New York

under the doctrine of *respondeat superior*.  Plaintiff seeks compensatory and punitive

damages, costs, disbursements, and attorney's fees pursuant to applicable state and

federal civil rights law.

## JURISDICTION

2.   This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 and the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343 (a)(3) and (a)(4), this being an action seeking redress for the violation of Plaintiff's constitutional and civil rights.

3.   Plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any and all state law claims and causes of action which derive from the same nucleus of operative facts and are part of the same case or controversy which gives rise to the federally based claims and causes of action.

## VENUE

4.   Venue is proper in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391(b) because the acts complained of occurred in this district.

## JURY DEMAND

5.   Plaintiff respectfully demands a trial by jury on each and every one of his claims as pled herein, pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6.    The individually named defendants Police Officers Brandon Velez, Shield 10884 ("PO Velez"), Detective Jamal Hairston, Shield 203 ("Det. Hairston"), Police Officer John Doe 1 ("PO Doe 1"), and Police Officer John Doe 2 ("PO Doe 2") (collectively, the "individual defendants") are and were at all times relevant herein officers, employees and agents of the New York City Police Department ("NYPD").

2

7.      On the date of the incident giving rise to this complaint, the individual defendants were assigned to the NYPD 24th Precinct and/or Narcotics Borough Manhattan North.

8.      Each individual defendant is sued in his individual and official capacity.  At all times mentioned herein, each individual defendant acted under the color of state law, in the capacity of an officer, employee, and agent of defendant City of New York ("Defendant City").

9.      Defendant City is a municipality created and authorized under the laws of New York State.  It is authorized by law to maintain, direct, and to supervise the NYPD, which acts as its law enforcement agent and for which it is ultimately responsible.

## NOTICE OF CLAIM

10.      Plaintiff served a Notice of Claim on the Comptroller of the City of New York within ninety days of the incident, being assigned Claim # 2017PI019707.  At least 30 days have elapsed since the service of the Notice of Claim, and adjustment and payment has been neglected or refused.

11.      The City of New York demanded a hearing pursuant to General Municipal Law § 50-h, which hearing was held on February 26, 2018.

12.      This action has been commenced within one year and ninety days after the occurrence of the event upon which the claims are based.

## STATEMENT OF FACTS

13.      Around 7 p.m. on April 12, 2017, Plaintiff was on the corner of Columbus Avenue and 104th Street in Manhattan, conversing with some friends in front of the neighborhood community center.

14.     Plaintiff was socializing in a completely lawful manner.

15.     While Plaintiff did possess marijuana in his shirt pocket with the intention of smoking it with others later, he was not engaging in any drug-selling or marijuana-related activity (besides mere possession) while he was speaking with friends outside on April 12, 2017.

16.     One of Plaintiff's neighbors, Alfredo Figueroa ("Mr. Figueroa"), walked by and handed Plaintiff $10 that he had owed to Plaintiff.

17.     Plaintiff gave Alfredo nothing in exchange.  There was nothing nefarious, illicit, or suspicious about their interaction.

18.     After Alfredo left, unknown men suddenly approached Plaintiff.

19.     Plaintiff tried to avoid these men, but the men began chasing him.

20.     Plaintiff ran west across Columbus Avenue to his apartment building, located at 140 West 104th Street.

21.     The unknown men chased Plaintiff for one block to his apartment building.

22.     Plaintiff was visible to the men throughout the course of this chase.

23.     The unknown men were NYPD Narcotics Detectives – including defendants Hairston and Velez – wearing plain clothing, seeking to apprehend Plaintiff out of baseless suspicion for Plaintiff's hanging out outside with other men.

24.     The Detectives grabbed and arrested Plaintiff outside his apartment building, handcuffing him behind his back.

25.     Plaintiff did not resist arrest as the Detectives got hold of him.

26.     Upon arresting Plaintiff, the Detectives patted down and searched Plaintiff and found marijuana inside his shirt pocket.

4

27.    At no point did the Detectives observe Plaintiff selling marijuana.

28.    At no point did the Detectives observe Plaintiff hiding marijuana or any other contraband on or in his body.

29.    At no point did the Detectives observe Plaintiff discarding, destroying, or otherwise concealing contraband or any other object in the presence of police officers.

30.    The Detectives transported Plaintiff in handcuffs to the police precinct – upon information and belief, the 24th Precinct.

31.    At the police precinct, Plaintiff was initially locked up in a holding cell.

32.    Plaintiff was later ordered into a bathroom.

33.    PO Doe 1 was in the bathroom with Plaintiff.

34.    PO Doe 2 was standing just outside the bathroom, near the doorway, watching what was taking place in the bathroom.

35.    PO Doe 1 ordered Plaintiff to take off his clothing because he wanted to conduct a visual body cavity search of Plaintiff.

36.    Plaintiff complied with PO Doe 1's order, removing all his clothing until he was naked.

37.    PO Doe 1 ordered Plaintiff to squat naked and cough – a test known as the "squat and cough test."

38.    Plaintiff complied with this order.

39.    As Plaintiff squatted and coughed, PO Doe 1 visually inspected Plaintiff's buttocks and anus.

40.    Nothing unlawful or suspicious was found on or in Plaintiff's person as a result of this body cavity search.

41.     At no point did PO Doe 2 do anything to stop the body cavity search.

42.     At no point prior to this body cavity search did Plaintiff do or say anything

suggesting that he was trying to hide any objects on or in his body.

43.     After Plaintiff was arrested, Det. Hairston and PO Velez collectively

fabricated a narrative that Plaintiff sold marijuana to Alfredo Figueroa and also resisted

arrest by "swing[ing] his arms in the direction of" and "push[ing]" PO Velez, and they

forwarded this false story to the New York County District Attorney's Office.

44.     Based on Det. Hairston and PO Velez's fabricated account, Plaintiff was

charged with Resisting Arrest (Class A misdemeanor), Criminal Sale of Marijuana in the

fourth degree (Class A misdemeanor), and Unlawful Possession of Marijuana (Violation)

under Docket No. 2017NY021902 in New York County Criminal Court.

45.     After numerous court appearances by Plaintiff in New York County Criminal

Court, all charges against Plaintiff were dismissed on November 15, 2017.

**DELIBERATE ACTS UNDER COLOR OF STATE LAW**

46.     All of the aforementioned acts of the individual defendants, their agents,

servants and employees, were carried out under the color of state law in the course and

scope of their duties.


47.     All of the aforementioned acts deprived Plaintiff of the rights guaranteed to

citizens of the United States by the Fourth, Fifth, and Fourteenth Amendments of the

Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

48.     The individual defendants acted willfully, knowingly, and with the specific

intent to deprive Plaintiff of his constitutional rights secured by 42 U.S.C. § 1983, and by

the Fourth Amendment of the United States Constitution.

**FAILURE TO TRAIN AND SUPERVISE**

49.     Upon information and belief, the individual defendants' aforementioned abuse of power – in the forms of an unjustified and humiliating body cavity search, and deliberate fabrication – was not an isolated event.  There were other instances of misconduct by the individual defendants that Defendant City knew or should have known about.

50.     The NYPD failed to supervise and discipline the individual defendants despite their histories of malicious and mendacious behavior, ignoring the risk that they would engage in future misconduct, thereby encouraging them to continue to abuse their powers and violate the rights of civilians.

**NYPD'S ILLEGAL STRIP SEARCH POLICY**

51.     Moreover, the NYPD has an over-aggressive and illegal strip search policy, a policy that favors conducting body cavity searches of drug-possessors even in the absence of reasonable belief that such people are concealing drugs in their body cavities.

52.     If the aggressive strip-searching is not an explicit policy of the NYPD, then it is a rampant and recklessly tolerated practice, sadistically embraced as a humiliating practice that rarely bears fruit.

53.     Additionally, there is little or no documentation and accountability that govern body cavity searches.  There is no special paperwork or procedures required for such an invasive, degrading practice, allowing this practice to be abused in a widespread and invisible fashion, enabling its practitioners to degrade its subjects without any record or explanation.

54.     Since 2014, Plaintiff's lawyer alone – Cyrus Joubin – has filed and settled six

other lawsuits in the Southern District of New York against detectives from the NYPD

Narcotics Borough claiming illegal anal cavity searches on the plaintiffs.

55.     Those lawsuits – all of which settled with the illegal strip search claims intact

– include Lorenzo v. City of New York, et al., 14 cv 9865 (ALC); Siler v. City of New

York, et al., 15 cv 189 (ER); Beverly v. City of New York, et al., 15 cv 2315 (GHW);

Ramirez v. City of New York, et al., 15 cv 1589 (PAE); Williams v. City of New York, et

al., 15 cv 8008 (DLC); and Ortiz v. City of New York, et al., 16 cv 2922 (LTS).

56.     In none of those cases was there any reasonable belief that the plaintiff

concealed contraband; in none of those cases was any written explanation provided for

the body cavity search; and in none of those cases was contraband discovered in the

plaintiff's body cavities.

**DAMAGES**

57.     As a direct and proximate cause of the said acts of the Defendants, Plaintiff

suffered the following injuries and damages:

  a. Violation of his constitutional rights under the Fourth, Fifth, and

     Fourteenth Amendments to the United States Constitution;

  b. Severe emotional trauma, distress, degradation, and suffering.

### SECTION 1983 CLAIMS

### FIRST CLAIM

**Illegal Strip Search Under Section 1983**

58.     Plaintiff realleges and reiterates all allegations set forth in the preceding

paragraphs as if stated fully herein.

59.     By the actions described, the Defendants deprived Plaintiff of his Fourth

Amendment right to be free of unreasonable or unwarranted restraints on personal liberty,

specifically his right to be free of unlawful searches of his person.

60.     The body cavity search of Plaintiff – an extreme invasion of privacy and

bodily dignity – took place without probable cause to believe that a weapon or

contraband was secreted in his anus.

61.     As a direct and proximate result of the aforementioned conduct of the

individual defendants, Plaintiff sustained the damages and injuries hereinbefore alleged.

## SECOND CLAIM

### Failure to Intervene Under Section 1983

62.     Plaintiff realleges and reiterates all allegations set forth in the preceding

paragraphs as if stated fully herein.

63.     Each and every individual defendant had an affirmative duty to intervene on

Plaintiff's behalf to prevent the violation of Plaintiff's constitutional rights by other law

enforcement officers.

64.     Specifically, PO Doe 2 failed to intervene on Plaintiff's behalf to prevent, end,

or truthfully report PO Doe 1's violations of his constitutional rights despite knowing

about such violations and having had a realistic opportunity to do so; and defendants

Hairston and Velez enabled, not prevented, each other's acts of malicious prosecution

and fabrication.

65.     As a direct and proximate result of the aforementioned conduct of the

individual defendants, Plaintiff sustained the damages and injuries hereinbefore alleged.

### THIRD CLAIM

**Denial of the Right to a Fair Trial Under Section 1983**

66.     Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

67.     By the actions described, the Defendants deprived Plaintiff of his Fourth, Fifth, and Fourteenth Amendment rights to a fair trial.

68.     The individual defendants deliberately forwarded fabricated information to the Manhattan District Attorney's Office.

69.     As a direct and proximate result of the aforementioned conduct of the individual defendants, Plaintiff sustained the damages and injuries hereinbefore alleged.

**FOURTH CLAIM**

**Malicious Prosecution Under Section 1983**

70.     Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

71.     By the actions described, the Defendants deprived Plaintiff of his Fourth Amendment right to be free of unreasonable or unwarranted restraints on personal liberty, specifically his right to be free from malicious prosecution.

72.     Without probable cause, the individual defendants directly and actively initiated a criminal proceeding against Plaintiff, creating a fraudulent theory of guilt.

73.     As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages and injuries hereinbefore alleged.

**FIFTH CLAIM**

**Municipal Liability Under Section 1983**

74.     Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

75.     By the actions described, the Defendant City deprived Plaintiff of his Constitutional rights through its failure to train, supervise, and discipline malicious officers; and through its tolerance of widespread illegal body cavity searches by NYPD officers.

76.     As a direct and proximate result of the acts of Defendant City, Plaintiff sustained the other damages and injuries hereinbefore alleged.

## PENDENT STATE CLAIMS

## FIRST CLAIM

## Unreasonable Search and Seizure Under New York State Constitution Art. I § 12

77.     Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

78.     Article 1, Section 12, of the New York State Constitution declares the right to be free from unreasonable searches and seizures.

79.     Without probable cause and without Plaintiff's consent, the individual defendants illegally strip searched him.

80.     As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages and injuries hereinbefore alleged.

## SECOND CLAIM

## Malicious Prosecution Under N.Y. State Law

81.     Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

82.     As detailed above, the individual defendants intentionally and with actual

malice initiated a felony prosecution against Plaintiff without probable cause.  The

prosecution terminated in Plaintiff's favor when all charges against him were dismissed.

83.     As a direct and proximate result of the misconduct and abuse of authority

detailed above, Plaintiff sustained the damages and injuries hereinbefore alleged.

## THIRD CLAIM

**Negligent Hiring/Training/Retention of Employment Services Under N.Y. State Law
(Against Defendant City of New York)**

84.     Plaintiff realleges and reiterates all allegations set forth in the preceding

paragraphs as if stated fully herein.

85.     Defendant City owed a duty of care to Plaintiff to prevent the unlawful search

and mental and emotional abuse sustained by Plaintiff.

86.     Upon information and belief, all of the individual defendants were unfit and

incompetent for their positions.

87.     Defendant City knew or should have known through the exercise of

reasonable diligence that the individual defendants could potentially cause harm.

88.     Defendant City's negligence in hiring, screening, training, disciplining and

retaining the individual defendants proximately caused Plaintiff's injuries.

89.     As a result of its negligent conduct, Defendant City has directly and

proximately caused the damages and injuries hereinbefore alleged.

## FOURTH CLAIM

### Respondeat Superior Under N.Y. State Law

90.     Plaintiff realleges and reiterates all allegations set forth in the preceding

paragraphs as if stated fully herein.

91.     Defendant City is the employer of the individual defendants.

92.     Under the doctrine of *respondeat superior*, the Defendant City is responsible for the wrongdoing of its employees acting within the scope of their employment – in this case, the illegal strip and malicious prosecution search committed by the individual defendants against Plaintiff.

93.     As a direct and proximate result of the acts of the individual defendants detailed above, Plaintiff sustained the damages and injuries hereinbefore alleged.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands the following relief jointly and severally against the Defendants:

a.      An order awarding compensatory damages for Plaintiff Paul Scotland in an amount to be determined at trial;

b.      An order awarding punitive damages in an amount to be determined at trial;

c.      A court order, pursuant to 42 U.S.C. § 1988, that Plaintiff is entitled to reasonable attorney's fees, costs and disbursements; and

d.      Such other and further relief as this Court may deem appropriate.


DATED:      July 4, 2018                                         /s/
            New York, New York              CYRUS JOUBIN, ESQ.
                                            43 West 43rd Street, Suite 119
                                            New York, NY 10036
                                            (703) 851-2467
                                            joubinlaw@gmail.com
                                            Attorney for Paul Scotland